**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| RAYMOND C. ALMY,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of the Social Security Administration,<br><br>Defendant. | CAUSE NO.: 3:25-CV-504-TLS |

## OPINION AND ORDER

The Plaintiff Raymond C. Almy seeks review of the final decision of the Commissioner of the Social Security Administration denying his application for disability insurance benefits. The Plaintiff argues that the Administrative Law Judge (ALJ) failed to properly consider the opinion of the consultative examiner when determining the Plaintiff's disability during a closed twelve-month period from March 21, 2022, to at least March 20, 2023. For the reasons set forth below, the Court finds that reversal and remand for further proceedings is required.

## PROCEDURAL BACKGROUND

On June 16, 2022, the Plaintiff filed an application for disability insurance benefits, alleging disability beginning on March 21, 2022. AR 17, ECF No. 6. After the claim was denied initially and on reconsideration, the Plaintiff requested a hearing, which was held before the ALJ on March 7, 2024. *Id.* At the hearing, the Plaintiff alleged only a closed period of disability between March 21, 2022, and July 10, 2023. *Id.* On April 24, 2024, the ALJ issued a written decision, finding the Plaintiff not disabled. AR 17–31. The Plaintiff sought review of the ALJ's decision by the Appeals Council, and the Appeals Council subsequently denied review. AR 1–6. Thus, the ALJ's decision is the final decision of the Commissioner. *Jozefyk v. Berryhill*, 923 F.3d

492, 496 (7th Cir. 2019). On June 10, 2025, the Plaintiff filed his Complaint [ECF No. 1], seeking judicial review under 42 U.S.C. § 405(g). This appeal is fully briefed. ECF Nos. 10, 16, 20.

**THE ALJ'S DECISION**

For purposes of disability insurance benefits, a claimant is "disabled" if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1505(a). To be found disabled, a claimant must have a severe physical or mental impairment that prevents him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). An ALJ conducts a five-step inquiry to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski v. Halter*, 245 F.3d 881, 885–86 (7th Cir. 2001); *see* 20 C.F.R. § 404.1512.

The first step is to determine whether the claimant is no longer engaged in substantial gainful activity. *Id.* § 404.1520(a)(4)(i), (b). In this case, the ALJ found that the Plaintiff had not engaged in substantial gainful activity from March 21, 2022, through July 10, 2023. AR 19.

At step two, the ALJ determines whether the claimant has a "severe impairment." 20 C.F.R. § 404.1520(a)(4)(ii), (c). Here, the ALJ determined that the Plaintiff has the severe impairments of degenerative disk disease of the lumbar spine with radiculopathy, cervical degenerative disk disease with stenosis, peripheral neuropathy, asthma, and functional neurological disorder. AR 20.

Step three requires the ALJ to consider whether the claimant's impairment(s) "meets or equals one of [the] listings [in appendix 1 to subpart P of part 404 of this chapter]." 20 C.F.R. § 404.1520(a)(4)(iii), (d). If a claimant's impairment(s), considered singly or in combination with other impairments, meets or equals a listed impairment, the claimant will be found disabled without considering age, education, and work experience. *Id.* § 404.1520(a)(4)(iii), (d). Here, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals a listing, indicating that she considered Listings 1.15, 1.16, 3.02, 3.03, 11.14, and 12.07. AR 20–22.

When a claimant's impairment(s) does not meet or equal a listing, the ALJ determines the claimant's "residual functional capacity" (RFC), which "is an administrative assessment of what work-related activities an individual can perform despite [the individual's] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001); *see* 20 C.F.R. § 404.1520(e). In this case, the ALJ assessed the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; occasionally balance as defined in the Selected Characteristics of Occupations (S.C.O.) of the Dictionary of Occupational Titles (D.O.T.); occasionally stoop, kneel, crouch, and crawl; avoid concentrated exposure to hazards, such as unprotected heights and unguarded moving mechanical parts; avoid concentrated exposure to Dust, Odors, Fumes, and Pulmonary Irritants as defined in the S.C.O. of the D.O.T.

AR 23 (footnote omitted).

The ALJ then moves to step four and determines whether the claimant can do his past relevant work in light of the RFC. 20 C.F.R. § 404.1520(a)(4)(iv), (f). In this case, the ALJ found that the Plaintiff is unable to perform any past relevant work. AR 28.

If the claimant is unable to perform past relevant work, the ALJ considers at step five whether the claimant can "make an adjustment to other work" given the RFC and the claimant's age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v), (g). Here, the ALJ found that the Plaintiff is not disabled because the Plaintiff can perform significant jobs in the national economy of ticket checker, document preparer, and telephone quotation clerk. AR 30.

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the agency's final decision. 42 U.S.C. § 405(g). On review, a court considers whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. *See Summers v. Berryhill*, 864 F.3d 523, 526 (7th Cir. 2017); 42 U.S.C. § 405(g). A court will affirm the Commissioner's findings of fact and denial of disability benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations omitted). Even if "reasonable minds could differ" about the disability status of the claimant, the court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007)).

The court considers the entire administrative record but does not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [the court's] own judgment for that of the Commissioner." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quoting *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Nevertheless, the court conducts a "critical review of the evidence," and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez*, 336 F.3d at 539 (citations omitted); *see Moore v.*

*Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014) ("A decision that lacks adequate discussion of the issues will be remanded."). The ALJ is not required to address every piece of evidence or testimony presented, but the ALJ "has a basic obligation to develop a full and fair record and must build an accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (cleaned up). However, "if the Commissioner commits an error of law," remand is warranted "without regard to the volume of evidence in support of the factual findings." *White ex rel. Smith v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

## ANALYSIS

This appeal concerns a closed period of alleged disability from March 21, 2022, to at least through March 20, 2023, which is the minimum continuous twelve-month period necessary for a finding of disability to qualify the Plaintiff for benefits. *See* 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. § 404.1505(a). The Plaintiff argues that the ALJ did not provide a good explanation for dismissing the opinion of the state agency consultative examiner's December 16, 2022 opinion, which the Plaintiff contends would have resulted in a finding of disability during the closed twelve-month period. The Court agrees.

### A. The ALJ's Discussion of the Relevant Medical Evidence

The Court begins with the ALJ's discussion of the Plaintiff's testimony and the medical evidence, as follows. AR 24–26. The Plaintiff alleges disability during the closed period following a back injury he sustained at work in March 2022. AR 24 (citing Exs. 21F/208 (AR 921), 26F/50 (AR 1193)). His symptoms progressively worsened, and he went from using a cane to ambulate, to using a walker, and to eventually needing a wheelchair due to severe weakness

and paresthesia below the knees. *Id.* The Plaintiff testified that his symptoms began improving in late December 2022 to early January 2023, and he testified that he stopped using his cane in April or May 2023. *Id.*

The ALJ then found that, "[a]lthough the record includes some complaints of ongoing weakness and use of a wheelchair at one point, the evidence does not support [that] the severity of his condition lasted for a continuous twelve-month period." *Id.* The ALJ detailed the medical records immediately following the Plaintiff's injury at work in March 2022. *Id.* The day after the injury, the Plaintiff reported to Dr. Ghori, an orthopedic specialist, that he was having trouble walking and difficulty with basic motor function. *Id.* (citing Ex. 2F/11–13 (AR 369–71)). He complained of numbness and tingling from his back to his lower extremities. *Id.* (same). On exam, the Plaintiff had weakness in his right lower extremity and straight leg raises were positive bilaterally for radicular pain. *Id.* (same). Dr. Ghori prescribed a cane to help prevent falls and recommended additional medical imaging. *Id.* (same). At a follow up on March 30, 2022, Dr. Ghori reviewed March 28, 2022 MRI imaging and noted that there were "no focal areas of stenosis . . . that would explain the [Plaintiff's] symptoms" and ordered additional imaging. *Id.* (citing Ex. 2F/16 (AR 374)); *see* AR 376. Dr. Ghori ordered additional testing. AR 24–25.

The ALJ noted the April 4, 2022 MRI of the Plaintiff's cervical spine revealed mild degenerative changes, and an MRI of the thoracic spine was "similarly unremarkable." AR 25 (citing Ex. 2F/20–22 (AR 378–80)). The ALJ noted that, on April 28, 2022, EMG testing was unremarkable, and a nerve conduction study of the lower extremities documented "mild peripheral neuropathy." *Id.* (citing Ex. 2F/23–26 (AR 381–84)). The Plaintiff was diagnosed with mild peripheral neuropathy with no evidence of acute or chronic radiculopathy. *Id.* (same). The Plaintiff was not a candidate for surgery. *Id.* (citing Ex. 21F/126–27 (AR 839–40)).

However, by June 22, 2022, the Plaintiff reported using a walker due to numbness in his lower extremities. *Id.* (citing Ex. 21F/43–46 (AR 756–59)). On July 3, 2022, the Plaintiff reported a worsening in his condition after suddenly losing the use of his lower extremities. *Id.* (citing 4F/3 (AR 401)). Yet an MRI of his lumbar spine was largely unremarkable, and he did not have any objective neurological deficits. *Id.* (citing Exs. 4F/7 (AR 405); 21F/93 (AR 806); 27F/130 (AR 1382)). According to providers, the findings were not consistent with the Plaintiff's symptoms. *Id.* (citing Ex. 21F/139 (AR 852)). However, in late August 2022 the Plaintiff began using a wheelchair due to his alleged inability to walk. *Id.* (27F/127–32 (AR 1379–84)). On September 28, 2022, the Plaintiff underwent a biopsy that did not clarify the Plaintiff's inability to ambulate. *Id.* (citing Exs. 11F/4, 6–8 (AR 641, 642–43); 21F/186 (AR 899); 26F/105 (AR 1248)). Despite the Plaintiff's continued reports of weakness, providers continued to state that there were not significant clinical findings to explain his symptoms. *Id.* (citing Exs. 21F/231 (AR 944); 27F/90 (AR 1342)).

On December 2, 2022, the Plaintiff met with a neuromuscular specialist for his leg weakness. *Id.* (citing Ex. 26F/50–53 (AR 1193–96)). On exam, the Plaintiff was found to have decreased sensation to light touch and was able to make small, slow steps with a walker. *Id.* Indicating that the Plaintiff's symptoms may be psychological in nature, the doctor ordered an EMG and nerve conduction study, which was unremarkable. *Id.* (citing Ex. 26F/43 (AR 1186)). The doctor recommended psychiatric medication to address underlying anxiety, and the Plaintiff was to follow up with his primary care physician. *Id.* (citing Ex. 26F/52 (AR 1195)). On December 5, 2022, the Plaintiff met with his primary care physician who started him on medication and recommended counseling. *Id.* (citing Ex. 21F/208–09 (AR 921–22)). On

December 14, 2022, the Plaintiff reported the medication was helping, and, by late December 2022, he was not using a wheelchair. *Id.* (citing Ex. 22F/6, 12 (AR 984, 990)).

On January 4, 2023, the Plaintiff reported that he had been able to vacuum, mop, stand to do dishes and laundry, and go outside to walk with his son and that he did not feel unstable. AR 26 (citing Ex. 22F/6 (AR 984)). On January 16, 2023, he reported that the medication was helping with his symptoms, *id.* (citing Exs. 22F/3 (1/18/2023) (AR 981); 26F/3 (6/28/2023) (AR 1146)),[1] and by February 7, 2023, he had stopped using a cane to help him walk, *id.* (citing Ex. 27F/29 (AR 1281)).

On March 22, 2023, the Plaintiff continued to report pain and weakness in his lower extremities. *Id.* (citing Ex. 26F/23–24 (AR 1166–67)). He was observed to walk with a limp and the doctor ordered an MRI to rule out a possible disc herniation. *Id.*

On April 5, 2023, an MRI of his lumbar spine revealed "disc herniation at L5-S1 contacting and displacing the traversing left S1 nerve root" as well as mild lumbar spondylosis resulting in "mild thecal sac stenosis at L3-4 and neural foraminal stenosis." *Id.* (citing Ex. 26F/21–22 (AR 1164–65)). On April 18, 2023, the neuromuscular specialist recommended continuing with conservative treatment. *Id.* (citing Ex. 26F/14 (AR 1157)).

In May 2023, the Plaintiff continued to report that medications were helping his psychogenic pain symptoms, *id.* (citing Ex. 30F/6–7 (AR 1506–07) (May 8, 2026)), and he continued to improve functionality as evidenced by reports of him doing yard work, cleaning, and getting his son ready for school, *id.* (citing Ex. 26F/6 (AR 1149) (May 22, 2023); 31F/8 (AR

[1] The cited records do not support this statement, but the Plaintiff does not contest the ALJ's representation of the statement in January 2023.

1523) (5/19/2023)[2]). Physical therapy records during this time show the Plaintiff able to squat forty pounds and deadline thirty pounds. *Id.* (citing Ex. 26F/6 (AR 1149) (5/22/2023)).

On July 10, 2023, the Plaintiff was able to return to work, AR 26 (citing Ex. 8D (AR 229)), and has subsequently been found to be neurologically stable, with normal strength and sensation intact in the lower extremities, *id.* (citing Ex. 38/5–6 (AR 1633–34); 39F/2 (AR 1636)).

In conclusion, the ALJ found that the evidence "does not support a finding that the [Plaintiff] was disabled for a continuous twelve-month period." *Id.* The ALJ found that the "medical evidence suggests that he medically improved *well before the date he returned to work*." *Id.* (emphasis added). The ALJ reasoned that the Plaintiff's symptoms began to improve in late December 2022; by February 2023, he had stopped using a cane; and by May 2023 he was able to squat forty pounds, do yard work, clean, and get his son ready for school. *Id.* The ALJ reasoned, "Such activities, coupled with the modest clinical findings, suggest that the claimant's condition improved to the point of non-disability with proper treatment." *Id.*

**B. The ALJ's Discussion of Dr. Ehmen's Consultative Exam Report**

The ALJ provided the following accurate summary of Dr. Scott Ehmen's consultative exam of the Plaintiff on December 16, 2022, as relevant to this appeal. AR 27–28 (citing Ex. 14F (AR 663–73)). The Plaintiff entered and left Dr. Ehmen's office in a wheelchair. On exam, the Plaintiff had normal spine alignment and his lumbosacral musculature was symmetric with no observed swelling, ecchymosis, or erythema. However, the Plaintiff had bilateral lumbosacral tenderness, abnormal flexion, extension, and rotation of the lumbar spine. His gait was "ataxic" and his heel/toe walk was abnormal. He had decreased strength and sensation to touch in his

[2] This record also provides that the Plaintiff injured himself bending over to pick up his son to get him on the school bus, straining his lower back with pain from left side of lower back and into his left hip/buttock. AR 1523.

lower extremities. The Plaintiff needed assistance getting out of his chair, had difficulty getting onto the exam table, and was observed using the table for balance when standing and moving in the room. Dr. Ehman opined that the Plaintiff was unable to do significant walking or standing due to extreme unsteadiness and weakness. He further "opined that the [Plaintiff] could not stand or walk more than a few hours per day, stating that the claimant is 'not able to stand at least two hours in an eight-hour day' and is 'not able to walk at least two hours in an eight-hour day.'" AR 27. And Dr. Ehman concluded that the Plaintiff would need an assistive device for balance when ambulating. He opined that the Plaintiff could lift under ten pounds frequently and could carry less than 10 pounds with the unoccupied extremity.

The ALJ then found Dr. Ehmen's opinion unpersuasive notwithstanding his knowledge of the disability program. *Id.* First, the ALJ observed that Dr. Ehmen's "report discusses the least, not the most, the claimant could do rendering it unhelpful in formulating a residual functional capacity." *Id.* Second, the ALJ found the opinion "inconsistent with the overall record including subsequent evidence documenting significant functional improvement with treatment." AR 27–28. The ALJ's analysis of this factor is described in more detail below. *See* AR 28.

**C. Discussion**

The Plaintiff argues that the ALJ failed to provide a good explanation for rejecting Dr. Ehmen's opinion, rendering the RFC for a range of sedentary work unsupported by substantial evidence. As argued by the Plaintiff, Dr. Ehmen's opinion included standing and walking limitations that were independently disabling. Dr. Ehmen opined that the Plaintiff could not stand or walk for "at least 2 hours in an 8 hour day." The definition of sedentary exertion work includes the ability to stand and walk "occasionally," which is defined as "up to 1/3" (or just over two hours) of an eight-hour workday. SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983).

Thus, the inability to stand or walk for more than two hours in a workday would preclude sedentary exertion jobs. Dr. Ehmen also opined that the Plaintiff "is not able to maintain good balance ambulating with the device and carrying weight of less than 10 pounds with the unoccupied extremity." AR 665. Sedentary work requires that a person retain the capacity to carry up to ten pounds on an occasional basis. SSR 83-10, 1983 WL 31251, at *5. Thus, the inability to lift and carry up to ten pounds while using a device to ambulate would also preclude the performance of sedentary exertion jobs. As set forth below, the Court finds that the ALJ did not provide an accurate and logical bridge between the evidence of the Plaintiff's improvement after the date of Dr. Ehmen's opinion and the finding that the Plaintiff was not disabled for the closed twelve-month period of March 21, 2022, through at least March 20, 2023.

First, the ALJ's contention that Dr. Ehmen's report discussed "the least, not the most, the claimant could do"—while technically accurate—is substantively disingenuous. Dr. Ehmen's opinion that the Plaintiff could not "maintain good balance ambulating with the device and carrying weight of *less than* 10 pounds with the unoccupied extremity" is the functional equivalent of opining that the most he can carry is something less than ten pounds. Likewise, Dr. Ehmen's opinion that the Plaintiff "is not able to walk at least 2 hours in an 8 hour day" or "stand at least 2 hours in an 8 hour day" indicates that the most the Plaintiff can stand or walk is something less than two hours in an eight-hour workday. This is not a good explanation for rejecting Dr. Ehmen's opinion.

Second, the ALJ found Dr. Ehmen's opinion inconsistent with the overall record because the Plaintiff had "significant functional improvement with treatment." Remand is required because the ALJ does not address the point in time the Plaintiff achieved that improvement sufficient to do the sedentary work assessed in the RFC. In other words, the ALJ did not address

whether the Plaintiff's functional improvement was significant enough prior to March 20, 2023—the earliest end of the twelve-month period, to be found not disabled for that closed period as found in the decision.

In her discussion of Dr. Ehmen's opinion, the ALJ noted the Plaintiff's testimony that he began experiencing improvement in January 2023, shortly after the consultative examination. The ALJ then states generally, "Treatment records from January 2023 *and beyond* also indicate the claimant reported that medicine was helping his symptoms and that he was able to ambulate without assistance, engage in various daily activities such as cleaning, yard work, taking care of his son, and eventually returned to work." AR 28 (citing Exs. 21F/218 (AR 931) (1/16/2023); 22F/6 (AR 984) (1/4/2023), 12 (AR 990) (12/14/2022); 26F/6 (AR 1149) (5/22/2023); 27F/29 (AR 1281) (2/7/2023); 30F/7 (AR 1507) (5/8/2023); 31F/8 (AR 1523) (5/19/2023); 39F/2 (AR 1636) (8/30/2023)) (emphasis added). Although the Commissioner is correct that the ALJ detailed these cited records earlier in her decision, the ALJ does not discuss them in relation to Dr. Ehmen's opinion and, more importantly, does not identify the point in time "beyond" January 2023 when the Plaintiff achieved the necessary functional improvement to perform the sedentary work identified by the vocational expert. As discussed below, the records cited before March 20, 2023 are not substantial evidence supporting the ALJ's rejection of Dr. Ehmen's opinion. And most of the evidence of improvement cited by the ALJ is dated well after March 20, 2023, which would support a finding of disability for the closed twelve-month period. Notably, the Commissioner does not respond to the Plaintiff's argument that most of the evidence of improvement is dated after the twelve-month closed period and does not reflect the necessary improvement within the twelve-month period.

The records that fell within the twelve-month period do not contradict Dr. Ehmen's opinion. First, a record from December 2022 indicated that the Plaintiff had "taken a few steps with a rollator" as opposed to only using his wheelchair. AR 990. Then, the two January 2023 notes cited by the ALJ indicate the Plaintiff was using his cane consistently to "ambulate a little at home." AR 931, 984. These records show only that the Plaintiff was improving in January 2023, which is undisputed. Last, the February 7, 2023 treatment note indicates that the Plaintiff had stopped using his cane a week earlier. AR 1281. However, a month later, the March 22, 2023 treatment notes show he was ambulating with antalgic gait and limp, had reduced lower extremity reflexes, and had reproducible pain of right hip with internal and external rotation. AR 1166. The ALJ discussed these records earlier in the decision but noted only the Plaintiff's report of pain and weakness in his lower extremities and the observation of a limp at the March visit. AR 26.

Turning to the evidence after March 20, 2023, the Plaintiff's doctor ordered imaging at the March 22, 2023 visit, the results of which resulted in the doctor recommending on April 6, 2023, that the Plaintiff see "Dr. Canavati group for his lumbar and lower extremity symptoms. Lumbar MRI w/ some abnormalities that could be contributing to his intermittent worsening pain and paresthesia." AR 1163 (Ex. 26F/20). The Plaintiff continued to exhibit diminished lower extremity strength through May 9, 2023. AR 1151–52. Also, the Plaintiff testified that he transitioned from wheelchair to walker to cane in December 2022 and stopped using his cane completely between April 2023 and May 2023. This evidence, *not* cited in this portion of the ALJ's decision, appears to support continued standing and walking limitations.

The remaining records cited by the ALJ begin in late May 2023. The fact that on May 22, 2023, the Plaintiff reported he had done cleaning and yardwork over the weekend and reported

that he still has pain in the left hip says nothing about the ability to walk or stand more than two hours of an eight-hour workday through March 20, 2023. AR 1149 (Ex. 26F/6). Again, on March 22, 2023, the Plaintiff was complaining of increased weakness and paresthesia below the knees and was observed to have an antalgic gait with a limp and reduced reflexes of the lower extremities. AR 1166. Similarly, the fact that gardening and grilling outdoors were listed as "hobbies/interests" by his primary care physician on May 8, 2023, do not inform the Plaintiff's functional ability two months earlier. AR 1507 (Ex. 30F/7). Likewise, the May 19, 2023 physical therapy report, which reported the Plaintiff injured himself trying to pick up his small child, listed as objectives a series of roman dead lifts of thirty pounds to a six-inch box and bilateral squats with a forty-pound kettle ball. AR 1523 (Ex. 31F/8). While the August 30, 2023 primary care follow up treatment note does not contain any relevant treatment, AR 1636 (Ex. 39F/2), it is undisputed that the Plaintiff had returned to work and was not disabled in July 2023.

The ALJ did not offer a good explanation for why the Plaintiff's limitations on objective examination on March 22, 2023, were inconsistent with Dr. Ehmen's December 2022 opinion as to the Plaintiff's ability to stand or walk for less than two hours in an eight-hour workday. Dr. Ehmen's opinion that the Plaintiff could only stand or walk for less than two hours in a workday would erode the sedentary base, and the ALJ did not address this in relation to the evidence relevant to the twelve-month period ending March 20, 2023. Moreover, the vocational expert testified that all three sedentary jobs would require standing or walking at least two hours in an eight-hour workday. AR 68.

In contrast, the Court finds that the ALJ provided a good explanation for not adopting Dr. Ehmen's limitation regarding the use of a cane. The ALJ found that "a cane, walker, or any other assistive device was not medically necessary for a continuous twelve-month period," discussing

the February 7, 2023 record but not discussing the Plaintiff's testimony that he stopped using the cane in April or May 2023. *See* AR 26 (citing Ex. 27F/29 (AR 1281)). However, the ALJ also noted that the vocational expert testified that the use of a cane would not affect the number of jobs the Plaintiff could perform at the sedentary exertional level, AR 26; *see* AR 67, and the Plaintiff does not dispute these findings.

The ALJ's decision to reject Dr. Ehmen's opinion as inconsistent with the medical evidence through March 20, 2023, as to the Plaintiff's ability to walk and stand is not supported by substantial evidence such that "no reasonable mind could accept the ALJ's conclusion." *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022); *see Anders v. Saul*, 860 F. App'x 428, 432 (7th Cir. 2021). Accordingly, remand is required for further proceedings.

**CONCLUSION**

For the reasons stated above, the Court GRANTS the relief sought in the Plaintiff's Brief [ECF No. 10] and REVERSES the decision of the Commissioner. The Court REMANDS this matter for further proceedings consistent with this Opinion.

SO ORDERED on August 14, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT